UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) ) ) |
| v. | ) Civil Action No. |
| DERICHEBOURG RECYCLING USA, | ) ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

The United States of America ("United States"), by the authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request and on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

## NATURE OF ACTION

1.  This is a civil action against Derichebourg Recycling USA ("Derichebourg" or "Defendant"), brought pursuant to Section 113(b) of the Clean Air Act ("CAA"), 42 U.S.C. § 7613(b).

2.  The United States alleges that Defendant, a "final processor" of small appliances and motor vehicle air conditioners ("MVACs") in the scrap metal recycling process, has violated the regulatory requirements at 40 C.F.R. Part 82, Subpart F ("the Recycling and Emissions Reduction regulations"), promulgated pursuant to Title VI of the CAA, 42 U.S.C. §§ 7671-7671q, at three of Defendant's facilities located in Houston, Texas. Specifically, Defendant

violated the Recycling and Emissions Reduction regulations by failing to either (a) recover refrigerants from appliances and MVACs prior to scrap recycling or (b) verify that all refrigerant had been properly recovered from the appliances and MVACs prior to their delivery at Defendant's facilities.

3. This Complaint seeks civil penalties and injunctive relief based for the alleged violations at Defendant's scrap metal recycling facilities located at or near 7501 Wallisville Road ("Wallisville Road Facility"), at or near 8202 West Montgomery Road ("Montgomery Road Facility") and at or near 1 Wharf Street ("Wharf Street Facility"), all of which are located in Houston, Harris County, Texas (collectively, "Facilities").

## JURISDICTION AND VENUE

4. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355 and Section 113(b) of the CAA, 42 U.S.C. § 7413(b). This Court has personal jurisdiction over Defendant, which does business in the State of Texas and in this judicial district.

5. Venue is proper in this District pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and 28 U.S.C. §§ 1391(b), (c) and 1395(a), because the alleged violations in this Complaint occurred or are occurring at the Facility, which is located in this District.

## NOTICE

6. Notice of the commencement of this action was provided to the Texas Commission of Environmental Quality under Section 113(b) of the Act, 42 U.S.C. § 7413(b).

## AUTHORITY

7. The United States Department of Justice has authority to bring this action on

behalf of the EPA under, *inter alia,* 28 U.S.C. §§ 516 and 519 and Section 305(a) of the CAA, 42 U.S.C. § 7605(a).

## DEFENDANT

8. Defendant is a corporation organized under the laws of the State of Texas and is, and was at all times relevant to this Complaint, the owner and operator of the scrap metal recycling Facilities herein referred to as the Wallisville Road Facility, the Montgomery Road Facility and the Wharf Street Facility, located in Houston, Texas.

9. Defendant is a "person" within the meaning of Sections 113(b) and 302(e) of the CAA, 42 U.S.C. §§ 7413(b) and 7602(e), and the applicable regulations promulgated pursuant to the CAA.

## STATUTORY AND REGULATORY BACKGROUND

## CLEAN AIR ACT

10. The CAA establishes a regulatory scheme designed to "protect and enhance the quality of the Nation's air resources so as to promote the public health and welfare and productive capacity of its population." 42 U.S.C. § 7401(b)(1).

### Title VI

11. In 1987, the United States signed on to the Montreal Protocol, an international agreement to protect and restore the stratospheric ozone layer, which shields Earth from harmful ultraviolet radiation from the sun. In response to the adoption of the Montreal Protocol, the U.S. Congress added Title VI, Stratospheric Ozone Protection, to the CAA Amendments of 1990.

12. Title VI of the CAA, 42 U.S.C. §§ 7671-7671q, mandates the phase-out of the production and consumption of class I and class II substances that deplete the ozone layer, such as chlorofluorocarbons (CFCs) and hydrochlorofluorocarbons (HCFCs).

13. Section 608(a)(2) of the CAA, 42 U.S.C. § 767lg(a)(2), requires the Administrator of EPA to promulgate regulations establishing standards and requirements regarding the use and disposal of class I and class II substances during service, repair, or disposal of appliances. These regulations, as amended, are codified at Title 40 of the Code of Federal Regulations, Part 82, Subpart F. The stated purpose of Subpart F is "to reduce emissions of class I and class II refrigerants and their non-exempt substitutes to the lowest achievable level during the service, maintenance, repair, and disposal of appliances… in accordance with Title VI of the CAA." 40 C.F.R. § 82.150(a).

14. The regulations at 40 C.F.R. § 82.155(b) require that the final processor—as defined in Paragraph 22, below—must either: (1) recover any remaining refrigerant from the appliance in accordance with 40 C.F.R. § 82.155(a); or (2) verify, using a "signed statement" or a "contract," that all refrigerant that had not previously leaked out of the appliance has been recovered from the appliance in accordance with 40 C.F.R. § 82.155(a). If the final processor is relying upon a signed statement, the statement must include the name and address of the person who recovered the refrigerant and the date the refrigerant was recovered. If the final processor is relying upon a contract between the supplier and the final processor, the contract must either state that the supplier will (a) recover any remaining refrigerant from the appliance in accordance with 40 C.F.R. § 82.155(a) prior to delivery, or (b) verify that the refrigerant had been properly recovered prior to receipt by the supplier.

15. EPA has explained that the option to use a "contract" under the 40 C.F.R. Part 82, Subpart F, is only available when the final processor has an ongoing relationship with the supplier. In the Preamble to the 1993 rule, EPA described the contract option in Subpart F as being appropriate "for businesses such as the automotive dismantlers to streamline transactions

4

in cases where they maintain long-standing business relationships with the scrap dealers." 58 Fed.Reg. 28660, 28704 (May 14, 1993).  In 2016, when 40 C.F.R. Part 82, Subpart F was revised, EPA reiterated that "a contract is appropriate for businesses to streamline transactions in cases where they maintain long-standing business relationships.  A contract would be entered into prior to the transaction, such as during the set-up of a customer account, not simultaneously with the transaction.  A signed statement is more appropriate for one-off transactions between the supplier and the final processor."  81 Fed. Reg. 82272, 82309 (Nov. 18, 2016).

16. Pursuant to 40 C.F.R. § 82.155(c), the final processor must maintain a copy of all signed statements or contracts obtained pursuant 40 C.F.R. § 82.155(b)(2) on site, in hard copy or in electronic format, for three years.

17. An "appliance" is defined as "any device which contains and uses a class I or class II substance or substitute as a refrigerant and which is used for household or commercial purposes, including any air conditioner, MVAC, refrigerator, chiller, or freezer. 40 C.F.R. § 82.152.

18. An "MVAC" is defined as a motor vehicle air conditioner as that term is further defined in 40 C.F.R. Part 82, subpart B." 40 C.F.R. § 82.152.

19. An "MVAC-like appliance" is defined as "a mechanical vapor compression, open-drive compressor appliance with a full charge of 20 pounds or less of refrigerant used to cool the driver's or passenger's compartment of off-road vehicles or equipment. This includes, but is not limited to, the air-conditioning equipment found on agricultural or construction vehicles. This definition is not intended to cover appliances using R-22 refrigerant." 40 C.F.R. § 82.152.

20. A "small appliance" is defined as "any appliance that is fully manufactured, charged, and hermetically sealed in a factory with five (5) pounds or less of refrigerant, including, but not limited to, refrigerators and freezers (designed for home, commercial, or consumer use) . . . , room air conditioners . . . , dehumidifiers, under-the-counter ice makers, vending machines, and drinking water coolers." 40 C.F.R. § 82.152.

21. "Disposal" is defined as the "process leading to and including . . . the recycling of any appliance for scrap." 40 C.F.R. § 82.152.

22. A "final processor" is the person(s) who take the final step in the disposal process of a small appliance, MVAC, or MVAC-like appliance (including but not limited to scrap recyclers and landfill operators). 40 C.F.R. § 82.155(b).

**Enforcement of the CAA**

23. Section 113(b) of the CAA, 42 U.S.C. § 7413(b), authorizes EPA to bring a civil action if EPA finds that any person has violated, or is in violation of, any requirement or prohibition of subchapter VI including, but not limited to, a requirement or prohibition of any rule promulgated, issued or approved under subchapter VI.

24. Section 113(b) of the CAA, 42 U.S.C. § 7413(b), authorizes the Court to enjoin a violation, to require compliance, to assess and recover a civil penalty, and to award any other appropriate relief for each violation.

25. Pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), Defendant is liable for injunctive relief and civil penalties of up to $102,638 per day for each violation occurring after November 2, 2015, and assessed on or after December 23, 2020, pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by 31 U.S.C. § 3701, 40 C.F.R. §19.4 and 85 Fed. Reg. 83818 (Dec. 23, 2020).

## GENERAL ALLEGATIONS

26. Defendant is (and was at all times relevant to this Complaint) the owner and operator of the Facilities within the meaning of the CAA.

27. Defendant is (and was at all times relevant to this Complaint) a person who disposes of appliances, including MVACs and small appliances, within the meaning of 40 C.F.R. § 82.152, as part of its business operations at the Montgomery Road, Wallisville Road, and Wharf Street Facilities.

28. Defendant is (and was at all times relevant to this Complaint) a "final processor" within the meaning of 40 C.F.R. § 82.155(b).

29. EPA inspected Defendant's Montgomery Road Facility on November 7, 2018, the Wallisville Road Facility on November 8, 2018, and the Wharf Street Facility on November 9, 2018 ("EPA's inspections").

### Defendant's Operations

30. Defendant accepts motor vehicles with MVACs and a variety of small appliances, including refrigerators, freezers, window air conditioners, dehumidifiers, chillers, coolers, and vending machines, at its Montgomery Road, Wallisville Road, and Wharf Street Facilities. MVACs and each of these types of appliances contained refrigerants at some point in time.

31. Upon delivery, Defendant inspects and weighs the supplier's load, approves the delivery, and pays the supplier according to the weight and grade of materials delivered.

32. After Defendant accepts a load of appliances and MVACs into its Facility, Defendant processes those appliances and MVACs in a shredder that shears and chops large items into small pieces that can more easily be further sorted mechanically into grades and types of metal.

33. At the time of EPA's inspection of the Montgomery Road Facility, EPA observed a large scrap pile containing small appliances and motor vehicles as well as at least three appliances with intact refrigerant lines, which showed no sign of recovery or venting and thus likely still contained refrigerants. Defendant informed EPA that it accepts small appliances daily at the Montgomery Road Facility.

34. During EPA's inspection of the Wharf Street Facility, EPA observed a large scrap pile as well as multiple motor vehicles with MVACs that contained (or once contained) refrigerant. Defendant informed EPA that forty percent of the shredder feed at the Wharf Street Facility is comprised of motor vehicles with MVACs that contained (or once contained) refrigerant.

35. During EPA's inspection of the Wallisville Road Facility, EPA observed a scrap pile and was informed by Defendant that it occasionally accepts small appliances and motor vehicles with MVACs at the Wallisville Road Facility.

36. Based on this information, and subject to a reasonable opportunity for further investigation and discovery, Defendant received MVACs and appliances that contained or once contained refrigerants at each of the Facilities.

37. At the time of EPA's inspections, Defendant was not recovering refrigerant from any of the MVACs and appliances it received at any of the Facilities.

38. At the time of EPA's inspections of the Wallisville Road and Wharf Street Facilities, Defendant provided EPA with a copy of a "scale ticket" in use at those Facilities. The scale ticket did not require the supplier to provide the name and address of the person or entity who recovered the refrigerant or the date that such refrigerant was recovered. Additionally, the scale ticket did not state that the supplier will recover any remaining refrigerant and did not

verify that the refrigerant had been properly recovered prior to receipt by the supplier. Moreover, the scale ticket was used by suppliers that did not have an ongoing relationship with Derichebourg.

39. At the time of EPA's inspections, Defendant was not verifying, using a signed statement or contract with the supplier, that all refrigerant that had not leaked previously had been recovered from such appliances and MVACs, nor was Defendant maintaining such documents on site, in hardcopy or electronic form.

### CLAIM 1: Failure to Recover Refrigerant or to Verify Recovery at the Montgomery Road Facility

40. Paragraphs 1 through 39 are realleged and incorporated herein by reference.

41. Subject to a reasonable opportunity for further investigation and discovery, Defendant has accepted appliances or MVACs for recycling or disposal at its Montgomery Road Facility on a daily basis.

42. Dating from at least November 8, 2018, Defendant has violated 40 C.F.R. § 82.155(b)(1) or (2) by failing to recover refrigerant or verify, using a signed statement or contract, that all refrigerant that had not leaked previously had been recovered from such appliances and MVACs.

43. Pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), Defendant is liable for injunctive relief and civil penalties of up to $102,638 per day for each violation occurring after November 2, 2015, and assessed on or after December 23, 2020, pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by 31 U.S.C. § 3701, 40 C.F.R. § 19.4 and 85 Fed. Reg. 83818 (Dec. 23, 2020).

44. Unless restrained by an Order of this Court, these violations will continue.

## CLAIM 2: Failure to Recover Refrigerant or Verify Recovery at the Wallisville Road Facility

45. Paragraphs 1 through 39 are realleged and incorporated herein by reference.

46. Subject to a reasonable opportunity for further investigation and discovery, Defendant has accepted appliances and MVACs for recycling or disposal at its Wallisville Road Facility on a regular/routine/recurring basis.

47. Dating from at least November 8, 2018, Defendant has violated 40 C.F.R. § 82.155(b)(1) or (2) by failing to recover refrigerant or verify, using a signed statement or contract, that all refrigerant that had not leaked previously had been recovered from such appliances and MVACs.

48. Pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), Defendant is liable for injunctive relief and civil penalties of up to $102,638 per day for each violation occurring after November 2, 2015, and assessed on or after December 23, 2020, pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by 31 U.S.C. § 3701, 40 C.F.R. § 19.4 and 85 Fed. Reg. 83818 (Dec. 23, 2020).

49. Unless restrained by an Order of this Court, these violations will continue.

## CLAIM 3: Failure to Recover Refrigerant or Verify Recovery at the Wharf Street Facility

50. Paragraphs 1 through 39 are realleged and incorporated herein by reference.

51. Subject to a reasonable opportunity for further investigation and discovery, Defendant has accepted appliances and MVACs for recycling or disposal at its Wharf Street Facility on a regular/routine/recurring basis.

52. Dating from at least November 9, 2018, Defendant has violated 40 C.F.R. § 82.155(b)(1) or (2) by failing to recover refrigerant or verify, using a signed statement or

contract, that all refrigerant that had not leaked previously had been recovered from such appliances and MVACs.

53. Pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), Defendant is liable for injunctive relief and civil penalties of up to $102,638 per day for each violation occurring after November 2, 2015, and assessed on or after December 23, 2020, pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by 31 U.S.C. § 3701, 40 C.F.R. § 19.4 and 85 Fed. Reg. 83818 (Dec. 23, 2020).

54. Unless restrained by an Order of this Court, these violations will continue.

## **PRAYER FOR RELIEF**

WHEREFORE, based upon the allegations in Paragraphs 1 through 54 of this Complaint, the United States respectfully requests that this Court:

1. Permanently enjoin Defendant from operating its Facilities located in Houston, Texas, except in accordance with the CAA and all applicable federal regulations;

2. Order Defendant to correct its handling of refrigerants by, among other things, requiring Defendant to (a) recover refrigerant from intact appliances, (b) verify proper refrigerant recovery from appliances arriving at the Facility no longer containing refrigerant by utilizing a compliant signed statement or contract, and (c) notify suppliers of requirements for delivering a small appliance or MVAC to any of the Facilities;

3. Order Defendant to take other appropriate actions to remedy, mitigate, and offset the harm to public health and the environment caused by the violations of the CAA alleged herein;

4. Award the United States civil penalties of up to $102,638 per day for each violation occurring after November 2, 2015, and assessed on or after December 23, 2020, ;

5. Award the United States its costs of this action; and

6. Grant the United States such other relief as this Court deems just and proper.

Respectfully submitted,

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

*Nicole Veilleux*
_____
NICOLE VEILLEUX
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C.  20044-7611
(202) 616-8746
(202) 616-6584 (fax)
nicole.veilleux@usdoj.gov


JENNIFER LOWERY
United States Attorney
Southern District of Texas


DANIEL HU
Assistant United States Attorney
Texas Bar No. 10131415
S.D. Tex. ID: 7959
1000 Louisiana St., Suite 2300
Houston, TX  77002
Telephone:  (713) 567-9000

OF COUNSEL:
TAMARA CARNOVSKY
Associate Regional Counsel

Office of Regional Counsel
U.S. Environmental Protection Agency, Region 5
Chicago, IL 60604