*United States of America v. Derichebourg Recycling USA, Inc.*

**Attachment A to Notice of Lodging of Consent Decree:**

Consent Decree

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
|               ) | |
|         Plaintiff,    ) | |
|               ) | |
|       v.        ) | Civil No. |
|               ) | |
| DERICHEBOURG RECYCLING USA, INC.   ) | |
|               ) | |
|         Defendant.   ) | |
|               ) | |

**CONSENT DECREE**

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | JURISDICTION AND VENUE | 2 |
| II. | APPLICABILITY | 2 |
| III. | DEFINITIONS | 3 |
| IV. | CIVIL PENALTY | 6 |
| V. | COMPLIANCE REQUIREMENTS | 7 |
| VI. | ENVIRONMENTAL MITIGATION PROJECT | 14 |
| VII. | REPORTING REQUIREMENTS | 16 |
| VIII. | STIPULATED PENALTIES | 19 |
| IX. | FORCE MAJEURE | 22 |
| X. | DISPUTE RESOLUTION | 24 |
| XI. | INFORMATION COLLECTION AND RETENTION | 27 |
| XII. | EFFECT OF SETTLEMENT / RESERVATION OF RIGHTS | 28 |
| XIII. | COSTS | 30 |
| XIV. | NOTICES | 30 |
| XV. | EFFECTIVE DATE | 32 |
| XVI. | RETENTION OF JURISDICTION | 32 |
| XVII. | MODIFICATION | 33 |
| XVIII. | TERMINATION | 33 |
| XIX. | PUBLIC PARTICIPATION | 34 |
| XX. | SIGNATORIES/SERVICE | 34 |
| XXI. | INTEGRATION | 35 |
| XXII. | FINAL JUDGMENT | 35 |
| XXIII. | 26 U.S.C. SECTION 162(F)(2)(A)(II) IDENTIFICATION | 35 |
| XXIV. | APPENDICES | 36 |

Plaintiff United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), has filed a Complaint in this action concurrently with this Consent Decree, alleging that Defendant Derichebourg Recycling USA, Inc. ("Defendant" or "Derichebourg") violated provisions of the Clean Air Act ("Act"), 42 U.S.C. §§ 7401-7671q, and the regulations promulgated thereunder at 40 C.F.R. Part 82, at three facilities in Houston, Harris County, Texas.

The Complaint alleges that Defendant violated Title VI of the Act, 42 U.S.C. §§ 7671-7671q, and the regulations promulgated thereunder at the inspected Facilities by failing to ensure that any refrigerant contained in the appliances it accepted for recycling was properly recovered prior to the disposal of such items. Specifically, the Complaint alleges that Defendant accepted certain appliances and motor vehicles containing or having once contained refrigerant and failed to recover such refrigerant prior to disposal or to ensure that the refrigerant had been properly recovered.

Defendant does not admit any liability to the United States arising out of the transactions or occurrences alleged in the Complaint.

The Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation between the Parties and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, before the taking of any testimony, without the adjudication or admission of any issue of fact or law except as provided in Section I, and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Section 113(b) of the Act, 42 U.S.C. § 7413(b), and over the Parties.  Venue lies in this District pursuant to 42 U.S.C. § 7413(b), and 28 U.S.C. §§ 1391(b) and (c) and 1395(a), because the violations alleged in the Complaint are alleged to have occurred in, and Defendant conducts business in, this judicial district.  For purposes only of this Decree, or any action to enforce this Decree, Defendant consents to the Court's jurisdiction over this Decree and any such action and over Defendant and consents to venue in this judicial district.

2.    For purposes of this Consent Decree, Defendant agrees that the Complaint states claims upon which relief may be granted pursuant to Title VI of the Act, 42 U.S.C. §§ 7671-7671q, and 40 C.F.R. §§ 82.154, 82.155.

## II.    APPLICABILITY

3.    The obligations of this Consent Decree apply to and are binding upon the United States, and upon Defendant and any successors, assigns, or other entities or persons otherwise bound by law.

4.    No transfer of ownership or operation of any Facility, whether in compliance with the procedures of this Paragraph or otherwise, shall relieve Defendant of its obligation to ensure that the terms of the Decree are implemented, unless (1) the transferee agrees to undertake the obligations required by this Decree and to be substituted for the Defendant as a Party under the Decree and thus be bound by the terms thereof, and (2) the United States consents to relieve Defendant of its obligations. The United States' decision to refuse to approve the substitution of the transferee for the Defendant shall not be subject to judicial review.

5.    Defendant shall provide a copy of this Consent Decree to all officers, employees, and agents whose duties might reasonably include compliance with any provision of this Decree, as well as to any contractor retained to perform work required under this Consent Decree. Defendant shall condition any such contract upon performance of the work in conformity with the terms of this Consent Decree.

6.    In any action to enforce this Consent Decree, Defendant shall not raise as a defense the failure by any of its officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

## III.    DEFINITIONS

7.    Terms used in this Consent Decree that are defined in the Act or in regulations promulgated pursuant to the Act shall have the meanings assigned to them in the Act or such regulations, unless otherwise provided in this Decree.  Whenever the terms set forth below are used in this Consent Decree, the following definitions shall apply:

a)    "Complaint" shall mean the complaint filed by the United States in this action;

b)    "Complete Destruction" or "Completely Destroy" shall mean to cause the expiration of a controlled substance at a destruction efficiency of 98 percent or greater, using one of the destruction technologies approved by the Parties to the Montreal Protocol, or as defined in 40 C.F.R. § 82.3;

c)    "Consent Decree" or "Decree" shall mean this Decree and any appendices attached hereto;

d)    "Day" shall mean a calendar day unless expressly stated to be a business day.  In computing any period of time under this Consent Decree, where the last day

3

would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next business day;

e)   "Defendant" or "Derichebourg" shall mean Derichebourg Recycling USA, Inc.;

f)   "EPA" shall mean the United States Environmental Protection Agency and any of its successor departments or agencies;

g)   "Destruction Facility" shall mean a facility that has the capability to Completely Destroy R-12 Refrigerant;

h)   "Effective Date" shall have the definition provided in Section XV;

i)   "Facilities" shall mean the scrap metal recycling facilities owned and operated by Defendant and which are located at or near the following locations, each of which may be referred to herein as a "Facility":

     a.   7501 Wallisville Rd., Houston, Texas, 77020;

     b.   8202 West Montgomery Rd., Houston, Texas 77041

     c.   1 Wharf St., in Houston, Harris County, Texas 77012

     d.   6648 N. Eldridge Pkwy, Houston Texas 77041;

     e.   900 N. Villa Ave., Oklahoma City, Oklahoma 73117

     f.   3605 E. Jensen Rd., El Reno, Oklahoma 73036;

     g.   17650 S. Sooner Rd., Norman, Oklahoma 73071;

     h.   100 N. Bath Ave., Oklahoma City, Oklahoma 73117

i.  13319 FM 1764 Rd., Santa Fe, Texas 77510

j.  3515 Almeda Genoa Rd., Houston, Texas 77047

j)  "Month," when computing any period of time under this Consent Decree, shall
mean the period between and including a date in the starting month (*e.g.*, January
12) and the day before that date in the next calendar month (*e.g.*, February 11),
except that if the starting date is the first day of a calendar month, the last day in
the period shall be the last day of that same month;

k)  "Paragraph" shall mean a portion of this Decree identified by an Arabic numeral;

l)  "Parties" shall mean the United States and Defendant;

m)  "Qualifying Contract" shall mean a written agreement between the Supplier and
Defendant that states that the Supplier will properly recover any remaining
Refrigerant from all Regulated Scrap prior to delivery to Defendant, or that the
Supplier will verify that any Refrigerant that was contained in the Regulated
Scrap that it delivers to Defendant had been properly recovered, in compliance
with 40 C.F.R. § 155(a), prior to Supplier's receipt of such Regulated Scrap;

n)  "Refrigerant" shall mean Refrigerant as that term is defined at 40 C.F.R.
§ 82.152;

o)  "R-12 Refrigerant" shall mean dichlorodifluoromethane, also referred to in
common parlance as "CFC-12" or "Freon 12";

5

p) "Regulated Scrap" shall mean 'small appliances,' 'motor vehicle air conditioners (MVAC),' and/or 'MVAC-like appliances,' as those terms are defined in Subpart F of 40 C.F.R. Part 82;

q)  "Section" shall mean a portion of this Decree identified by a roman numeral;

r) "Signed Statement" shall mean a written statement that includes the name and address of the person or entity that recovered the Refrigerant and the date it was recovered, a sample of which is attached as Appendix A to this Decree;

s) "Supplier" shall mean a person or entity that sells or enters into an agreement to sell Regulated Scrap to Defendant;

t) "United States" shall mean the United States of America, acting on behalf of EPA; and

u) "Year," when computing any period of time under this Consent Decree, shall mean the period between and including a date in the starting month (*e.g.*, January 2, 2021) and the day before that date in the next calendar year (*e.g.*, January 1, 2022).

## IV.    CIVIL PENALTY

8.      Within 15 business days after Defendant receives notice that this Consent Decree has been lodged, Defendant shall deposit the amount of $442,500.00 into an escrow account bearing interest on commercially reasonable terms, in a federally chartered bank (the "Escrow Account").  Such monies shall remain in escrow until entry of the Decree.  If the Decree is not entered by the District Court, and the time for any appeal of that decision has run, or if the

6

District Court's denial of entry is upheld on appeal, the monies placed in escrow, together with accrued interest thereon, shall be returned to Defendant.  If the Decree is entered by the District Court, Defendant shall, within 15 Days thereof, cause the monies (including all accrued interest) in the Escrow Account to be released and disbursed to the United States in payment of the civil penalty under this Decree.

9.      At the time of payment, Defendant shall send notice that payment has been made: (i) to EPA via email at cinwd_acctsreceivable@epa.gov or via regular mail to EPA Cincinnati Finance Office, 26 W. Martin Luther King Drive, Cincinnati, Ohio 45268; and (ii) to the United States via email or regular mail in accordance with Section XIV (Notices).  Such notice shall state that the payment is for the civil penalty owed pursuant to the Consent Decree in *United States v. Derichebourg Recycling USA, Inc.*, and shall reference the civil action number, CDCS number, and DOJ case number 90-5-2-1-12352.

10.     Defendant shall not deduct any penalties paid under this Decree pursuant to this Section or Section VIII (Stipulated Penalties) in calculating its federal income tax.

## V.      COMPLIANCE REQUIREMENTS

11.     Defendant shall at all times comply with Title VI of the Act, 42 U.S.C. §§ 7671-7671q, and the regulations promulgated thereunder, including 40 C.F.R. §§ 82.154 and 82.155.

12.     Refrigerant Recovery Capability.  Within 15 days of the Effective Date, Defendant shall establish and maintain, at each Facility, the capability to perform Refrigerant recovery that complies with 40 C.F.R. § 82.155(a).  This requirement may be satisfied by maintaining adequate Refrigerant recovery equipment and personnel trained to use such equipment on-site or by maintaining an active contract for on-site or off-site Refrigerant recovery by a third party.  Defendant shall report to EPA the manner of its compliance with this

7

requirement in the first semi-annual report required pursuant to Section VII (Reporting Requirements), below.

13.    Defendant shall inspect all Regulated Scrap accepted at the Facilities upon arrival at a Facility and determine whether the Regulated Scrap, as delivered, contains or once contained Refrigerants.

14.    Notice to Suppliers.  Defendant shall notify Suppliers of Regulated Scrap in writing that all Refrigerant, if not being recovered by Derichebourg, must be recovered in accordance with 40 C.F.R. § 82.155(a) prior to delivery to a Facility.

15.    Defendant shall, upon receipt at any Facility of any Regulated Scrap that Defendant determines contains Refrigerant, recover such Refrigerant in accordance with 40 C.F.R. § 82.155(a).

16.    Defendant shall, upon receipt at any Facility of any Regulated Scrap that Defendant determines no longer contains Refrigerant:

        a.    Secure from the Supplier a Signed Statement using the sample included as Appendix A to this Decree; or

        b.    Confirm that the Supplier is acting pursuant to a Qualifying Contract using the sample included as Appendix B to this Decree.

17.    If Defendant cannot determine whether the Regulated Scrap contains Refrigerants, Defendant shall clearly mark the Regulated Scrap as "Potentially Containing Refrigerants" and process the item in the same manner that Defendant processes Regulated Scrap known to contain Refrigerants, *i.e.* recover any Refrigerants that may remain in the item.

18.    If Defendant has reason to believe that the Regulated Scrap received at a Facility from a Supplier with whom Defendant has entered into a Qualifying Contract contains

Refrigerants, Defendant shall (a) recover such Refrigerant; (b) notify the Supplier in writing that it recovered Refrigerants from the Regulated Scrap delivered to Defendant by Derichebourg; and (c) request that the Supplier review its refrigerant recovery practices, the applicable regulations, and its Qualifying Contract with Derichebourg.

19.     If Defendant has reason to believe that the Regulated Scrap received at a Facility from a Supplier with whom Defendant has entered into a Qualifying Contract may have been the subject of venting of Refrigerants, Defendant shall (a) notify the Supplier in writing of its observation of potential venting; and (b) request that the Supplier review its practices of verifying proper refrigerant recovery, the applicable regulations, and its Qualifying Contract with Derichebourg.

20.     If Defendant has reason to believe that the Regulated Scrap received at a Facility from a Supplier with whom Defendant does not have a Qualifying Contract may have been the subject of venting of Refrigerants, Defendant shall (a) reject the Regulated Scrap at issue; and (b) at the time of the rejection, provide the Supplier with a copy of the Notice included as Appendix C (Notice for use with Retail Sources, Individuals and Peddlers).

21.     Defendant shall maintain at each Facility, until termination of this Decree, all Signed Statements and Qualifying Contracts for all Regulated Scrap items accepted at that Facility.  Defendant shall permit inspection and copying of such documentation Facility by EPA upon request.

22.     Employee Training.  No later than 30 days after the Effective Date, and at least once per calendar year thereafter, Defendant shall provide training to all employees that includes, at a minimum:

        a.      Information about how the release of Refrigerants into the atmosphere and

the depletion of the ozone layer impact human health and contribute to climate change;

b.      An overview of the Clean Air Act Protection of Stratospheric Ozone regulations at 40 C.F.R. Part 82, Subpart F and a detailed explanation of the requirements of 40 C.F.R. § 82.155 that are applicable to Defendant;

c.      A detailed explanation of the requirements of this Consent Decree and the related responsibilities of Defendant's personnel, including the requirements pertaining to the preparation and maintenance of documentation, as set forth in Paragraphs 18 through 21;

d.      A detailed explanation of the required elements of a Signed Statement and a Qualifying Contract, samples of a Signed Statement and a Qualifying Contract, and instructions on the appropriate use of such Statements and Contracts;

e.      A detailed explanation of proper screening and management of Regulated Scrap, including but not limited to:

(1)      identification of the various types of Regulated Scrap;

(2)      proper management of each type of Regulated Scrap, in accordance with regulatory requirements and the requirements of this Consent Decree;

(3)      proper use of Refrigerant recovery equipment, in accordance with 40 C.F.R. § 82.155(a);

(4)      proper implementation of screening procedures, in accordance with Paragraph 13;

(5)     proper verification that all Regulated Scrap – which no longer contains Refrigerant at the time of acceptance by a Facility – is accompanied by a Signed Statement or covered by a Qualifying Contract, as required by Paragraph 16 and 40 C.F.R. § 82.155(b)(2); and

(6)     a detailed explanation of the criteria for rejecting Regulated Scrap due to signs of venting and the proper procedures for utilizing the Notice included as Appendix C.

23.     Defendant's training program shall include visual learning tools, such as photographs, video, and multi-media presentations.

24.     As to employees hired after the Effective Date, Defendant shall provide the training required by Paragraph 22 prior to the date that such employee performs any task related to Refrigerant recovery or the acceptance of Regulated Scrap and, in any event, no later than 30 days after the date of hiring.

25.     <u>Refrigerant Recovery Management Program</u>.  Within 30 days of the Effective Date, Defendant shall submit, for EPA's review and approval, a Refrigerant Recovery Management Program ("RRMP") for use at each Facility.  The RRMP shall include a detailed description of Defendant's procedures for complying with and implementing each of the requirements of this Consent Decree, as set forth in Paragraphs 11 through 24, above, and shall include the specific policies and standard operating procedures Defendant establishes or utilizes to comply with these requirements.  The RRMP must identify the roles and responsibilities of individuals or positions within Defendant's corporate structure for each aspect of the RRMP, including development of the RRMP, review and revision of the RRMP, recordkeeping and

reporting, training, implementation of Consent Decree requirements on-site, Refrigerant

handling, and oversight of compliance with this Consent Decree. Defendant shall act in

accordance with the proposed RRMP until such time as EPA responds to Defendant's proposed

plan in accordance with Paragraph 27.

26.    Defendant shall maintain records sufficient to demonstrate that Defendant is

complying with the terms and conditions of this Consent Decree and the RRMP, including

documentation relating to Defendant's receipt and acceptance of Regulated Scrap, and

Defendant's management of Regulated Scrap that contains Refrigerant.  Such records shall be

maintained as provided in Section XI (Information Collection and Retention) and made available

for inspection by EPA upon request.

27.    <u>Approval of Deliverables</u>.  After review of any plan, report, or other item that is

required to be submitted pursuant to this Consent Decree, EPA will in writing: (a) approve the

submission; (b) approve the submission upon specified conditions; (c) approve part of the

submission and disapprove the remainder; or (d) disapprove the submission.

28.    If the submission is approved pursuant to Paragraph 27(a), Defendant shall take

all actions required by the plan, report, or other document, in accordance with the schedules and

requirements of the plan, report, or other document, as approved.  If the submission is

conditionally approved or approved only in part pursuant to Paragraph 27(b) or (c), Defendant

shall, upon written direction from EPA, take all actions required by the approved plan, report, or

other item that EPA determines are technically severable from any disapproved portions, subject

to Defendant's right to dispute only the specified conditions or the disapproved portions, under

Section X (Dispute Resolution).

29.     If the submission is disapproved in whole or in part pursuant to Paragraph 27(c) or (d), Defendant shall, within 45 Days or such other time as the Parties agree to in writing, correct all deficiencies and resubmit the plan, report, or other item, or disapproved portion thereof, for approval, in accordance with the preceding Paragraphs.  If the resubmission is approved in whole or in part, Defendant shall proceed in accordance with the preceding Paragraph.

30.     If a resubmitted plan, report, or other item, or portion thereof, is disapproved in whole or in part, EPA may again require Defendant to correct any deficiencies, in accordance with the preceding Paragraphs, subject to Defendant's right to invoke Dispute Resolution and the right of EPA to seek stipulated penalties as provided in the preceding Paragraphs.

31.     If Defendant elects to invoke Dispute Resolution as set forth in Paragraphs 28 or 30, Defendant shall do so by sending a Notice of Dispute in accordance with Paragraph 63 within 30 Days (or such other time as the Parties agree to in writing) after receipt of the applicable decision.

32.     Any stipulated penalties applicable to the original submission, as provided in Section VIII, accrue during the 45 Day period or other specified period, but shall not be payable unless the resubmission is untimely or is disapproved in whole or in part; provided that, if the original submission was so deficient as to constitute a material breach of Defendant's obligations under this Decree, the stipulated penalties applicable to the original submission shall be due and payable notwithstanding any subsequent resubmission.

## VI.    ENVIRONMENTAL MITIGATION PROJECT

33.    <u>Ensuring Destruction of all R-12 Refrigerant.</u>  Until termination of this Decree pursuant to Section XVIII (Termination), below, Defendant shall recover and segregate all R-12 Refrigerant from Regulated Scrap at its Facilities and ensure its Complete Destruction by a Destruction Facility ("Mitigation Project").

34.    No later than seven Days after the Effective Date, Defendant shall submit a Mitigation Project Plan for the implementation of the Mitigation Project to EPA for review and approval.  The Plan shall include:

a.    A detailed description of the actions to be taken by Defendant to implement the Mitigation Project;

b.    Documentation identifying the Defendant's officers or employees that will ensure implementation of the Mitigation Project;

c.    Documentation establishing that Defendant has contracted with a Destruction Facility to Completely Destroy R-12 Refrigerant;

d.    Documentation that the selected Destruction Facility has the capability to Completely Destroy R-12 Refrigerant; and

e.    A list of records to be kept documenting the implementation of the Project.  These records must include, but are not limited to, the documentation specified in Paragraph 37 of this Section.

35.    The Mitigation Project Plan shall include a certification as to the truth and accuracy of each of the following:

a.    That, as of the date of executing this Decree, Defendant is not required to perform or develop the Mitigation Project by any federal, state, or local

14

law or regulation and is not required to perform or develop the Mitigation

Project by agreement, grant, or as injunctive relief awarded in any other

action in any forum;

b.      That the Mitigation Project is not a project that Defendant was planning or

intending to perform or implement other than in settlement of the claims

resolved in this Decree;

c.      That Defendant has not received and will not receive credit for the

Mitigation Project in any other enforcement action; and

d.      That Defendant shall neither generate nor use any pollutant reductions

from the Mitigation Project as netting reductions, pollutant offsets, or to

apply for, obtain, trade, sell, or receive compensation for any pollutant

reduction credits.

36.     In connection with any communication to the public or to shareholders regarding

Defendant's actions or expenditures relating in any way to the Mitigation Project required under

this Consent Decree, Defendant shall include prominently in any communication regarding any

actions or expenditures undertaken to implement the Mitigation Project that such actions and

expenditures were required by this Consent Decree.

37.     In each semi-annual report required under Paragraph 38 of this Consent Decree,

Defendant shall provide EPA with all receipts, invoices, and other documentation demonstrating

the Complete Destruction of R-12 Refrigerant, including dates of destruction and, for each date

of destruction, the quantity destroyed, method of destruction, and name and address of the

Destruction Facility.

## VII.     REPORTING REQUIREMENTS

38.     By July 31st and January 31st of each year after the lodging of this Consent Decree until termination of the Decree pursuant to Section XVIII (Termination), Defendant shall submit to EPA at the address set forth in Section XIV (Notices) a written semi-annual report that includes:

  a.     a description and documentation of the manner in which Defendant is complying with the requirements of Paragraph 12 (Refrigerant Recovery Capability) at each Facility, including a copy of any contract(s) Defendant maintains with a third party to perform Refrigerant recovery and receipts indicating the number of times Refrigerant recovery service has been provided by such third party during the reporting period;

  b.     a description and documentation of the type(s) and amount(s) of Refrigerant recovered from Regulated Scrap pursuant to Paragraph 15, including at a minimum, all receipts for recovered Refrigerant sent to an off-site reclaimer, as that term is used in 40 C.F.R. § 82.164;

  c.     copies of the first 25 Signed Statements and all Qualifying Contracts received at each Facility during each reporting period;

  d.     a record of the number of times during the reporting period that Defendant (i) notified its Suppliers, pursuant to Paragraph 18, that the Regulated Scrap received still contained Refrigerants, (ii) notified its Suppliers, pursuant to Paragraph 19, that Defendant suspected the Regulated Scrap received was the subject of venting of Refrigerants, and (iii) provided its

16

Suppliers with the Notice for use with Retail Sources, Individuals, Peddlers, included as Appendix C, pursuant to the Paragraph 20;

e.    the number of employees trained under Paragraph 22 during the previous reporting period;

f.    a discussion of any challenges in implementing the RRMP and the means used to address the challenges;

g.    all information and documentation pertaining to the Mitigation Project that is required to be collected and maintained in Paragraph 37, above; and

h.    a description of any non-compliance with the requirements of this Consent Decree and an explanation of the violation's likely cause and of the remedial steps taken, or to be taken, to prevent or minimize such violation. If Defendant violates, or has reason to believe that it may violate, any requirement of this Consent Decree, Defendant shall notify DOJ and EPA of such violation and its likely duration, in writing, within ten business days of the Day Defendant first becomes aware of the violation, with an explanation of the violation's likely cause and of the remedial steps taken, or to be taken, to prevent or minimize such violation. If the cause of a violation cannot be fully explained at the time the report is due, Defendant shall so state in the report. Defendant shall investigate the cause of the violation and shall then submit an amendment to the report, including a full explanation of the cause of the violation, within 30 Days of the Day Defendant becomes aware of the cause of the violation. Nothing in this Paragraph or the following Paragraph relieves Defendant of its obligation

to provide the notice required by Section IX (Force Majeure).

39.    Whenever any violation of this Consent Decree or any other event affecting Defendant's performance under this Decree may pose an immediate threat to the public health or welfare or the environment, Defendant shall notify EPA by telephone by contacting Natalie Topinka at 312-886-3853 and by email to EPA at r5airenforcement@epa.gov and Topinka.natalie@epa.gov as soon as possible, but no later than 24 hours after Defendant first knew of the violation or event.  This procedure is in addition to the requirements set forth in the preceding Paragraph.

40.    Each report submitted by Defendant under this Section shall be signed by an official of Defendant and include the following certification:

> I certify under penalty of law that this document and all attachments were prepared under my direction or supervision in accordance with a system designed to assure that qualified personnel properly gather and evaluate the information submitted.  Based on my inquiry of the person or persons who manage the system, or those persons directly responsible for gathering the information, the information submitted is, to the best of my knowledge and belief, true, accurate, and complete.  I have no personal knowledge that the information submitted is other than true, accurate, and complete.  I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations.

41.    This certification requirement does not apply to emergency or similar notifications where compliance would be impractical.

42.    The reporting requirements of this Consent Decree do not relieve Defendant of any reporting obligations required by the Act or implementing regulations, or by any other federal, state, or local law, regulation, permit, or other requirement.

43.    Any information provided pursuant to this Consent Decree may be used by the United States in any proceeding to enforce the provisions of this Consent Decree and as otherwise permitted by law.

## VIII.   STIPULATED PENALTIES

44.     Defendant shall be liable for stipulated penalties to the United States for violations of this Consent Decree as specified below, unless excused under Section IX (Force Majeure).  A violation includes failing to perform any obligation required by the terms of this Decree, including any work plan or schedule approved under this Decree, according to all applicable requirements of this Decree and within the specified time schedules established by or approved under this Decree.

45.     <u>Late Payment of Civil Penalty</u>.  If Defendant fails to pay the civil penalty required to be paid under Section IV (Civil Penalty) when due, Defendant shall pay a stipulated penalty of $2,500 per Day for each Day that the payment is late.

46.     <u>Clean Air Act Compliance Requirements</u>.  The following stipulated penalties shall accrue per violation per Day for each violation of a requirement set forth in Section V (Compliance Requirements):

| Penalty per Violation per Day | Period of Noncompliance |
|---|---|
| $2,500 | 1st through 14th Day |
| $4,000 | 15th through 30th Day |
| $5,000 | 31st day and beyond |

47.     <u>Environmental Mitigation Project</u>.  The following stipulated penalties shall accrue per violation per Day for each Day that Defendant has violated a requirement set forth in Section VI (Environmental Mitigation Project):

| Penalty per Violation per Day | Period of Noncompliance |
|---|---|
| $2,500 | 1st through 14th Day |
| $4,000 | 15th through 30th Day |
| $5,000 | 31st day and beyond |

48.     Reporting and Recordkeeping Requirements.  The following stipulated penalties shall accrue per violation per Day for each violation of the reporting and requirements identified in Section VII (Reporting Requirements):

| Penalty per Violation per Day | Period of Noncompliance |
|---|---|
| $2,000 | 1st through 14th day |
| $2,500 | 15th through 30th day |
| $3,000 | 31st day and beyond |

49.     Stipulated penalties under this Section shall begin to accrue on the Day after performance is due or on the Day a violation occurs, whichever is applicable, and shall continue to accrue until performance is satisfactorily completed or until the violation ceases. Stipulated penalties shall accrue simultaneously for separate violations of this Consent Decree.

50.     Defendant shall pay any stipulated penalty within 30 Days of receiving the United States' written demand.

51.      The United States may, in the unreviewable exercise of its discretion, reduce or waive stipulated penalties otherwise due under this Consent Decree.

52.     Stipulated penalties shall continue to accrue as provided in Paragraph 49 during any Dispute Resolution, but need not be paid until the following:

a.     If the dispute is resolved by agreement or by a decision of EPA that is not appealed to the Court, Defendant shall pay accrued penalties determined to be owing, together with interest, to the United States within 30 Days of

20

the effective date of the agreement or the receipt of EPA's decision or order.

b.    If the dispute is appealed to the Court and the United States prevails in whole or in part, Defendant shall pay all accrued penalties determined by the Court to be owed, together with interest, within 30 Days of receiving the Court's decision or order, except as provided in subparagraph c, below.

c.    If any Party appeals the District Court's decision, Defendant shall pay all accrued penalties determined to be owed, together with interest, within 15 Days of receiving the final appellate court decision.

53.    Defendant shall pay stipulated penalties owing to the United States in the manner set forth in Paragraphs 8-9, except that the transmittal letter shall state that the payment is for stipulated penalties and shall state for which violation(s) the penalties are being paid.

54.    If Defendant fails to pay stipulated penalties according to the terms of this Consent Decree, Defendant shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due.  Nothing in this Paragraph shall be construed to limit the United States from seeking any remedy otherwise provided by law for Defendant's failure to pay any stipulated penalties.

55.    The payment of penalties and interest, if any, shall not alter in any way Defendant's obligation to complete the performance of the requirements of this Consent Decree.

56.    <u>Non-Exclusivity of Remedy</u>.  Stipulated penalties are not the United States' exclusive remedy for violations of this Consent Decree.  Subject to the provisions of Section XII (Effect of Settlement/Reservation of Rights), the United States expressly reserves the right to

seek any other relief it deems appropriate for Defendant's violation of this Decree or applicable law, including but not limited to an action against Defendant for statutory penalties, additional injunctive relief, mitigation or offset measures, and/or contempt. Where a violation of this Consent Decree is also a violation of the Act, the amount of any statutory penalty assessed for a violation of this Consent Decree shall be reduced by an amount equal to the amount of any stipulated penalty assessed and paid pursuant to this Consent Decree.

## IX.    FORCE MAJEURE

57.    "Force majeure," for purposes of this Consent Decree, is defined as any event arising from causes beyond the control of Defendant, of any entity controlled by Defendant, or of Defendant's contractors, that delays or prevents the performance of any obligation under this Consent Decree despite Defendant's best efforts to fulfill the obligation. The requirement that Defendant exercise "best efforts to fulfill the obligation" includes using best efforts to anticipate any potential force majeure event and best efforts to address the effects of any potential force majeure event (a) as the event is occurring and (b) following the occurrence of the event, such that the delay and any adverse effects of the delay are minimized. "Force majeure" does not include Defendant's financial inability to perform any obligation under this Consent Decree.

58.    If any event occurs or has occurred that may delay the performance of any obligation under this Consent Decree, whether or not caused by a force majeure event, Defendant shall provide notice by email to EPA at r5airenforcement@epa.gov within 72 hours of when Defendant first knew that the event might cause a delay. Within seven days thereafter, Defendant shall provide in writing to EPA an explanation and description of the reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to prevent or minimize the delay; a schedule for implementation of any measures to be taken to prevent or

mitigate the delay or the effect of the delay; Defendant's rationale for attributing such delay to a force majeure event if it intends to assert such a claim; and a statement as to whether, in the opinion of Defendant, such event may cause or contribute to an endangerment to public health, welfare or the environment.  Defendant shall include with any notice all available documentation supporting the claim that the delay was attributable to a force majeure.  Failure to comply with the above requirements shall preclude Defendant from asserting any claim of force majeure for that event for the period of time of such failure to comply, and for any additional delay caused by such failure.  Defendant shall be deemed to know of any circumstance of which Defendant, any entity controlled by Defendant, or Defendant's contractors knew or should have known.

59.    If EPA agrees that the delay or anticipated delay is attributable to a force majeure event, the time for performance of the obligations under this Consent Decree that are affected by the force majeure event will be extended by EPA for such time as is necessary to complete those obligations.  An extension of the time for performance of the obligations affected by the force majeure event shall not, in and of itself, extend the time for performance of any other obligation. EPA will notify Defendant in writing of the length of the extension, if any, for performance of the obligations affected by the force majeure event.

60.    If EPA does not agree that the delay or anticipated delay has been or will be caused by a force majeure event, EPA will notify Defendant in writing of its decision.

61.    If Defendant elects to invoke the dispute resolution procedures set forth in Section X (Dispute Resolution), it shall do so no later than 15 days after receipt of EPA's notice. In any such proceeding, Defendant shall have the burden of demonstrating by a preponderance of the evidence that the delay or anticipated delay has been or will be caused by a force majeure event, that the duration of the delay or the extension sought was or will be warranted under the

23

circumstances, that best efforts were exercised to avoid and mitigate the effects of the delay, and that Defendant complied with the requirements of Paragraphs 57 and 58. If Defendant carries this burden, the delay at issue shall be deemed not to be a violation by Defendant of the affected obligation of this Consent Decree identified to EPA and the Court.

## X.    DISPUTE RESOLUTION

62.    Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Consent Decree. Defendant's failure to seek resolution of a dispute under this Section shall preclude Defendant from raising any such issue as a defense to an action by the United States to enforce any obligation of Defendant arising under this Decree.

63.    Informal Dispute Resolution. Any dispute subject to Dispute Resolution under this Consent Decree shall first be the subject of informal negotiations. The dispute shall be considered to have arisen when Defendant sends the United States a written Notice of Dispute in accordance with the provisions of Section XIV (Notices). Such Notice of Dispute shall state clearly the matter in dispute. The period of informal negotiations shall not exceed 20 Days from the date the dispute arises, unless that period is modified by written agreement. If the Parties cannot resolve a dispute by informal negotiations, then the position advanced by the United States shall be considered binding unless, within 30 Days after the conclusion of the informal negotiation period, Defendant invokes formal dispute resolution procedures as set forth below.

64.    Formal Dispute Resolution. Defendant shall invoke formal dispute resolution procedures, within the time period provided in the preceding Paragraph, by sending DOJ and EPA a written Statement of Position regarding the matter in dispute. The Statement of Position

shall include, but need not be limited to, any factual data, analysis, or opinion supporting Defendant's position and any supporting documentation relied upon by Defendant.

65.     The United States will send Defendant its Statement of Position within 45 Days of receipt of Defendant's Statement of Position.  The United States' Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting that position and any supporting documentation relied upon by the United States.  The United States' Statement of Position is binding on Defendant, unless Defendant files a motion for judicial review of the dispute in accordance with the following Paragraph.

66.     <u>Judicial Dispute Resolution</u>.  Defendant may seek judicial review of the dispute by filing with the Court and serving on the United States a motion requesting judicial resolution of the dispute.  The motion must be filed within 10 Days of receipt of the United States' Statement of Position pursuant to the preceding Paragraph.  The motion shall contain a written statement of Defendant's position on the matter in dispute, including any supporting factual data, analysis, opinion, or documentation, and shall set forth the relief requested and any schedule within which the dispute must be resolved for orderly implementation of the Consent Decree.

67.     The United States shall respond to Defendant's motion within the time period allowed by the Local Rules of this Court.  Defendant may file a reply memorandum, to the extent permitted by the Local Rules.

68.    <u>Standard of Review</u>

a.    <u>Disputes Concerning Matters Accorded Record Review</u>.  Except as otherwise provided in this Consent Decree, in any dispute brought under Paragraph 64 pertaining to the adequacy or appropriateness of plans, procedures to implement plans, schedules or any other items requiring approval by EPA under this Consent Decree; the adequacy of the performance of work undertaken pursuant to this Consent Decree; and all other disputes that are accorded review on the administrative record under applicable principles of administrative law, Defendant shall have the burden of demonstrating, based on the administrative record, that the position of the United States is arbitrary and capricious or otherwise not in accordance with law.

b.    <u>Other Disputes</u>.  Except as otherwise provided in this Consent Decree, in any other dispute brought under Paragraph 64, Defendant shall bear the burden of demonstrating that its position complies with this Consent Decree and better furthers the objectives of the Consent Decree.

69.    The invocation of dispute resolution procedures under this Section shall not, by itself, extend, postpone, or affect in any way any obligation of Defendant under this Consent Decree, unless and until final resolution of the dispute so provides.  Stipulated penalties with respect to the disputed matter shall continue to accrue from the first Day of noncompliance, but payment shall be stayed pending resolution of the dispute as provided in Paragraph 52.  If Defendant does not prevail on the disputed issue, stipulated penalties shall be assessed and paid as provided in Section VIII (Stipulated Penalties).

## XI.    INFORMATION COLLECTION AND RETENTION

70.    The United States and its representatives, including attorneys, contractors, and consultants, shall have the right of entry into any Facility covered by this Consent Decree, at all reasonable times, upon presentation of credentials, to:

        a.    monitor the progress of activities required under this Consent Decree;

        b.    verify any data or information submitted to the United States in accordance with the terms of this Consent Decree;

        c.    obtain samples and, upon request, splits of any samples taken by Defendant or its representatives, contractors, or consultants;

        d.    obtain documentary evidence, including photographs and similar data; and

        e.    assess Defendant's compliance with this Consent Decree.

71.    Until five years after the termination of this Consent Decree, Defendant shall retain, and shall instruct its contractors and agents to preserve, all non-identical copies of all documents, records, or other information (including documents, records, or other information in electronic form) in its or its contractors' or agents' possession or control, or that come into its or its contractors' or agents' possession or control, and that relate in any manner to Defendant's performance of its obligations under this Consent Decree.  This information-retention requirement shall apply regardless of any contrary corporate or institutional policies or procedures.  At any time during this information-retention period, upon request by the United States, Defendant shall provide copies of any documents, records, or other information required to be maintained under this Paragraph.

72.    At the conclusion of the information-retention period provided in the preceding Paragraph, Defendant shall notify the United States at least 90 Days prior to the destruction of

any documents, records, or other information subject to the requirements of the preceding Paragraph and, upon request by the United States, Defendant shall deliver any such documents, records, or other information to EPA. Defendant may assert that certain documents, records, or other information is privileged under the attorney-client privilege or any other privilege recognized by federal law. If Defendant asserts such a privilege, it shall provide the following: (a) the title of the document, record, or information; (b) the date of the document, record, or information; (c) the name and title of each author of the document, record, or information; (d) the name and title of each addressee and recipient; (e) a description of the subject of the document, record, or information; and (f) the privilege asserted by Defendant. However, no documents, records, or other information created or generated pursuant to the requirements of this Consent Decree shall be withheld on grounds of privilege.

73.     Defendant may also assert that information required to be provided under this Section is protected as Confidential Business Information ("CBI") under 40 C.F.R. Part 2. As to any information that Defendant seeks to protect as CBI, Defendant shall follow the procedures set forth in 40 C.F.R. Part 2.

74.     This Consent Decree in no way limits or affects any right of entry and inspection, or any right to obtain information, held by the United States pursuant to applicable federal laws, regulations, or permits, nor does it limit or affect any duty or obligation of Defendant to maintain documents, records, or other information imposed by applicable federal or state laws, regulations, or permits.

## XII.    EFFECT OF SETTLEMENT / RESERVATION OF RIGHTS

75.     This Consent Decree resolves the civil claims of the United States for the violations alleged in the Complaint filed in this action through the date of lodging and for

28

violations of 40 C.F.R. § 82.155 at the ten scrap metal recycling Facilities referenced herein, through the date of lodging

76.     The United States reserves all legal and equitable remedies available to enforce the provisions of this Consent Decree.  This Consent Decree shall not be construed to limit the rights of the United States to obtain penalties or injunctive relief under the Act or implementing regulations, or under other federal laws, regulations, or permit conditions, except as expressly stated in Paragraph 75.  The United States further reserves all legal and equitable remedies to address any imminent and substantial endangerment to the public health or welfare or the environment arising at, or posed by, any one of Defendant's Facilities, whether related to the violations addressed in this Consent Decree or otherwise.

77.      In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, civil penalties, other appropriate relief relating to a Facility or Defendant's violations, Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 75.

78.     This Consent Decree is not a permit, or a modification of any permit, under any federal, State, or local laws or regulations.  Defendant is responsible for achieving and maintaining complete compliance with all applicable federal, State, and local laws, regulations, and permits; and Defendant's compliance with this Consent Decree shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The United States does not, by its consent to the entry of this Consent Decree, warrant or aver in

any manner that Defendant's compliance with any aspect of this Consent Decree will result in compliance with provisions of Title VI of the Act, 42 U.S.C. §§ 7671-7671q, and 40 C.F.R. §§ 82.154, 82.155, or with any other provisions of federal, State, or local laws, regulations, or permits.

79.    This Consent Decree does not limit or affect the rights of Defendant or of the United States against any third parties, not party to this Consent Decree, nor does it limit the rights of third parties, not party to this Consent Decree, against Defendant, except as otherwise provided by law.

80.    This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Consent Decree.

## XIII.   COSTS

81.    The Parties shall bear their own costs of this action, including attorneys' fees, except that the United States shall be entitled to collect the costs (including attorneys' fees) incurred in any action necessary to collect any portion of the civil penalty or any stipulated penalties due but not paid by Defendant.

## XIV.   NOTICES

82.    Unless otherwise specified in this Decree, whenever notifications, submissions, or communications are required by this Consent Decree, they shall be made in writing and addressed as follows:

As to the United States:

By email:

eescdcopy.enrd@usdoj.gov
Re: DOJ No. 90-5-2-1-12352

By mail:

EES Case Management Unit
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Re: DOJ No. 90-5-2-1-12352

and to EPA as provided below

As to EPA:

By e-mail:
Air Enforcement and Compliance Assurance Branch
U.S. EPA, Region 5
r5airenforcement@epa.gov

and

Natalie Topinka
Environmental Scientist
Enforcement and Compliance Assurance Division
U.S. EPA, Region 5
topinka.natalie@epa.gov

As to Defendant:

Zachary Allen Emmons
Environmental, Health, Safety and Security Manager
Derichebourg Recycling USA, Inc.
7501 Wallisville Road
Houston, Texas 77020
713.875.7691
Zachary.Emmons@derichebourg.com

and

Mark A. Huvard
Harberg, Huvard, Jacobs & Wadler, LLP

2100 West Loop South, Suite 1100
Houston, Texas 77027-3534
(713) 572-7020 Direct
huvard@hhjwlaw.com

and

Suzanne Wilson
King & Spalding LLP
500 West 2nd Street
Suite 1800
Austin, Texas 78701
(512) 457-2070
SWilson@kslaw.com

83.     Any Party may, by written notice to the other Parties, change its designated notice

recipient or notice address provided above.

84.     Notices submitted pursuant to this Section shall be deemed submitted upon

mailing or transmission by email, unless otherwise provided in this Consent Decree or by mutual

agreement of the Parties in writing.

## XV.    EFFECTIVE DATE

85.     The Effective Date of this Consent Decree shall be the date upon which this

Consent Decree is entered by the Court or a motion to enter the Consent Decree is granted,

whichever occurs first, as recorded on the Court's docket.

## XVI.    RETENTION OF JURISDICTION

86.     The Court shall retain jurisdiction over this case until termination of this Consent

Decree, for the purpose of resolving disputes arising under this Decree or entering orders

modifying this Decree, pursuant to Sections X (Dispute Resolution) and XVII (Modification), or

effectuating or enforcing compliance with the terms of this Decree.

## XVII.  MODIFICATION

87.    The terms of this Consent Decree, including any attached appendices, may be modified only by a subsequent written agreement signed by all the Parties.  Where the modification constitutes a material change to this Decree, it shall be effective only upon approval by the Court.

88.    Any disputes concerning modification of this Decree shall be resolved pursuant to Section X (Dispute Resolution), provided, however, that, instead of the burden of proof provided by Paragraph 68, the Party seeking the modification bears the burden of demonstrating that it is entitled to the requested modification in accordance with Federal Rule of Civil Procedure 60(b).

## XVIII.  TERMINATION

89.    After Defendant has maintained satisfactory compliance with this Consent Decree, including the injunctive relief requirements of Section V (Compliance Obligations) and Section VI (Environmental Mitigation Project), for a period of five years following EPA's approval of the RRMP pursuant to Paragraph 25, and has paid the civil penalty and any accrued stipulated penalties as required by this Consent Decree, Defendant may serve upon the United States a Request for Termination, stating that Defendant has satisfied those requirements, together with all necessary supporting documentation.

90.    Following receipt by the United States of Defendant's Request for Termination, the Parties shall confer informally concerning the Request and any disagreement that the Parties may have as to whether Defendant has satisfactorily complied with the requirements for termination of this Consent Decree.  If the United States agrees that the Decree may be terminated, the Parties shall submit, for the Court's approval, a joint stipulation terminating the Decree.

91.     If the United States does not agree that the Decree may be terminated, Defendant may invoke Dispute Resolution under Section X (Dispute Resolution).  However, Defendant shall not seek Dispute Resolution of any dispute regarding termination until 90 Days after service of its Request for Termination.

## XIX.   PUBLIC PARTICIPATION

92.     This Consent Decree shall be lodged with the Court for a period of not less than 30 Days for public notice and comment in accordance with 28 C.F.R. § 50.7.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations indicating that the Consent Decree is inappropriate, improper, or inadequate.  Defendant consents to entry of this Consent Decree without further notice and agrees not to withdraw from or oppose entry of this Consent Decree by the Court or to challenge any provision of the Decree, unless the United States has notified Defendant in writing that it no longer supports entry of the Decree.

## XX.   SIGNATORIES/SERVICE

93.     Each undersigned representative of Defendant, and the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.

94.     This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis.  Defendant agrees to accept service of process by mail with respect to all matters arising under or relating to this Consent Decree and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any

applicable Local Rules of this Court including, but not limited to, service of a summons.
Defendant need not file an answer to the complaint in this action unless or until the Court
expressly declines to enter this Consent Decree.

## XXI.   INTEGRATION

95.     This Consent Decree constitutes the final, complete, and exclusive agreement and
understanding among the Parties with respect to the settlement embodied in the Decree and
supersedes all prior agreements and understandings, whether oral or written, concerning the
settlement embodied herein.  Other than deliverables that are subsequently submitted and
approved pursuant to this Decree, the Parties acknowledge that there are no representations,
agreements, or understandings relating to the settlement other than those expressly contained in
this Consent Decree.

## XXII.  FINAL JUDGMENT

96.     Upon approval and entry of this Consent Decree by the Court, this Consent
Decree shall constitute a final judgment of the Court as to the United States and Defendant.

## XXIII. 26 U.S.C. SECTION 162(f)(2)(A)(ii) IDENTIFICATION

97.     For purposes of the identification requirement of Section 162(f)(2)(A)(ii) of the
Internal Revenue Code, 26 U.S.C. § 162(f)(2)(A)(ii), performance of Section II (Applicability),
Paragraph 5; Section V (Compliance Requirements), Paragraphs 12-26; Section VI
(Environmental Mitigation Project), Paragraphs 33-37; Section VII (Reporting Requirements),
Paragraphs 38-40; and Section XI (Information Collection and Retention), Paragraphs 70-72, is
restitution or required to come into compliance with the law.

## XXIV. APPENDICES

98.    The following Appendices are attached to and part of this Consent Decree:

"Appendix A" is the sample Signed Statement;

"Appendix B" is the sample Qualifying Contract; and

"Appendix C" is the Notice for use with Retail Sources, Individuals and

Peddlers.

Dated and entered this __ day of _____, 2022.

_____
UNITED STATES DISTRICT JUDGE

*Signature Page for the Consent Decree entered in the matter of* <u>*United States v. Derichebourg Recycling USA, Inc.*</u>

FOR THE UNITED STATES OF AMERICA:


Dated: January 5, 2022

                       TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

<u>*/s Nicole Veilleux*</u>
NICOLE VEILLEUX
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611
(202) 616-8746
(202) 616-6584 (fax)
nicole.veilleux@usdoj.gov

JENNIFER B. LOWERY
United States Attorney
Southern District of Texas


DANIEL HU
Assistant United States Attorney
Texas Bar No. 10131415
S.D. Tex. ID: 7959
1000 Louisiana St., Suite 2300
Houston, TX  77002
Telephone:  (713) 567-9000

*Signature Page for the Consent Decree entered in the matter of <u>United States v. Derichebourg Recycling USA, Inc.</u>*

FOR THE U.S. ENVIRONMENTAL PROTECTION AGENCY:

Dated:   12/30/2021

ROBERT A. KAPLAN
Regional Counsel
U.S. Environmental Protection Agency
Region 5
77 West Jackson Boulevard
Chicago, Illinois 606004


TAMARA E. CARNOVSKY
Associate Regional Counsel
Office of Regional Counsel
U.S. Environmental Protection Agency, Region 5
Chicago, IL 60604

*Signature Page for the Consent Decree entered in the matter of <u>United States v. Derichebourg</u>*
<u>*Recycling USA, Inc.*</u>

FOR DERICHEBOURG RECYCLING USA, INC:


Date: December 13, 2021

Phillipe Leonard, CEO
Derichebourg Recycling USA, Inc.

39

# APPENDIX A:

# Sample Signed Statement



# Demanufacturing Process Required by All Auto Body & Industrial/Home Appliance Sellers:  Statement Regarding Refrigerant Recovery

Seller certifies that: [Check One]

☐ all non-exempt refrigerants (including but not limited to chlorofluorocarbons (CFCs), hydrochlorofluorocarbons (HCFCs), and hydrofluorocarbons (HFCs), as defined in 40 C.F.R. Part 82, Subpart F, pursuant to the Clean Air Act Amendments) that have not previously leaked out of the appliance(s) or vehicle(s) that is/are delivered under this sale have been recovered in accordance with 40 C.F.R. Part 82.155(a).

The non-exempt refrigerant has been recovered by:

(Individual or Company name)_____

Located at (address)_____

On (date of refrigerant recovery)_____

☐ I do not know if the appliance(s) or vehicle(s) delivered under this sale still contain(s) refrigerant, **OR** I believe that refrigerant may still need to be recovered from the appliance(s) or vehicle(s).


Seller further agrees to indemnify and hold Derichebourg harmless from any claim, penalty, fine, fee, cost, attorney's fees, or other liability resulting in whole or in part from seller's breach of this certification.

Seller: _____

Company: _____

Address: _____

City, State, Zip Code: _____

Authorized Signature: _____

Date Signed:_____

APPENDIX B:

Sample Qualifying Contract



## DEMANUFACTURING PROCESS REQUIRED BY ALL AUTO BODY & INDUSTRIAL/HOME APPLIANCES SELLERS CERTIFICATION BY CONTRACT

In order to ensure protection of the environment, releases of pollutant material and ensure the safety of Derichebourg Recycling USA personnel including crusher crews during auto crushing operations, as well as metal inspectors, shear and shredder operators when recycling auto bodies and industrial/home appliances, Derichebourg Recycling USA, Inc., requires the removal of CFCs, HCFCs, and HFCs, as defined in 40 CFR Part 82.

Seller certifies that all non-exempt refrigerant (including but not limited to chlorofluorocarbons (CFCs), hydrochlorofluorocarbons (HCFCs) and hydrofluorocarbons (HFCs), as defined in 40 CFR Part 82, Subpart F, pursuant to the Clean Air Act Amendments), that has not leaked previously with be recovered from appliances to be delivered under this contract of sale prior to delivery. Seller further certifies that Seller either will recover any remaining non-exempt refrigerant from the appliance or shipment of appliances under this contract in accordance with 40 CFR Part 82.155(a) prior to delivery or verify that the non-exempt refrigerant had been properly recovered prior to receipt by the Seller.  Seller further agrees to indemnify and hold Derichebourg Recycling USA, Inc., harmless from any claim, penalty, fine, fee, cost, attorney's fees, or other liability resulting in whole or in part from seller's breach of this certification.

**AUTHORIZED SELLER:**_____

**SELLER'S COMPANY NAME:**_____

**SELLER'S ADDRESS:**_____

_____

**AUTHORIZED SIGNATURE:**_____

**DATE SIGNED:**_____

APPENDIX C:

Notice for Use with Retail Sources,
Individuals and Peddlers

# HOW DO I RECYCLE A VEHICLE WITH AN AIR CONDITIONER OR AN APPLIANCE THAT USES REFRIGERANT?

## <u>DO NOT CUT REFRIGERANT LINES</u>

Deliver appliances and vehicles with the refrigerant lines intact. Derichebourg will safely and legally recover the refrigerant.

**-OR-**

Properly recover the refrigerant prior to delivery and provide the name and address of the person or company that recovered the refrigerant and the date it was recovered.

---

### *Why must the refrigerant be recovered?*

Releasing refrigerant into the air:
- Is Illegal
- Destroys the Earth's Ozone Layer
- Contributes to Global Warming

### *Why was my item rejected?*

Derichebourg must either recover the refrigerant or confirm that it was properly recovered prior to accepting the item. If the item no longer contains refrigerant and Derichebourg cannot confirm it was properly recovered, Derichebourg cannot accept the item.





Report violations of refrigerant releases at:
*www.epa.gov/tips*

# CÓMO RECICLO UN VEHÍCULO CON AIRE ACONDICIONADO O UN APARATO QUE USA REFRIGERANTE?

## NO CORTE LAS LÍNEAS DE REFRIGERANTE

Entregue electrodomésticos y vehículos con las líneas de refrigerante intactas. Derichebourg recuperará el refrigerante de forma segura y legal.

**-O-**

Recupere correctamente el refrigerante antes de la entrega y de el nombre y la dirección de la persona o empresa que recuperó el refrigerante y la fecha en que se recuperó.

### *Por qué se debe recuperar el refrigerante?*

Botando refrigerante al medio ambiente:
- Es ilegal
- Destruye la capa de ozono de la Tierra
- Contribuye al calentamiento global

### *Por qué fue rechazado mi artículo?*

Derichebourg debe recuperar el refrigerante o confirmar que se recuperó correctamente antes de aceptar el artículo. Si el artículo ya no contiene refrigerante y Derichebourg no puede confirmar que se recuperó correctamente, Derichebourg no puede aceptar el artículo.



Reporte las infracciones de las emisiones de refrigerante a:
*www.epa.gov/tips*